ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI & ASSOCIATES P.C.
Attorneys for Plaintiffs
225 Broadway, Suite 612
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
ZBIGNIEW KOWAL, JACEK KORDYS, WLADYSLAW HUCKO,
ANDRZEJ RYBA, JERZY SENCZAK, JAN WOJCIECHOWSKI,
WOJCIECH WIERDAK, GERMAN BUENO, PABLO BUENO,
PIOTR GABANSKI, MANSFIELD GIBBS, YIMY GOMEZ,
HERMAN NIEVES, EDDY REYNOSO, RICHARD ROJAS,
CIRIACO SANTANA and MANJIT SINGH on behalf of themselves
and on behalf of all others similarly situated,

|  |  |
|---|---|
| Plaintiffs, | **Docket No.:05 cv-0576** **(JG) (SMG)** |
| -against- | **JURY TRIAL DEMANDED** |

ANDY CONSTRUCTION, INC., ASTIR CONSTRUCTION,
INC., CITY HOMES, INC., CN INDUSTRIES, INC., DIV
CONSTRUCTION, INC., ELABORATE CONSTRUCTION
CORP., LAMDA INTERIOR WOODWORKING, INC.,
MANUFACTURES FATHER AND SON, PYRGOS
CONSTRUCTION CORP., SUPERB CONSTRUCTION CORP.,
VID CONSTRUCTION CORP., VERTICAL DESIGN
CONSTRUCTION CORP., EXCLUSIVE CONTRACTING
CORP., JIS GENERAL CONTRACTING, INC., STRATEGIC
CONSTRUCTION CORP., STRATEGIC CONSTRUCTION
LIMITED, STRATEGIC LAND CO., INC., STRATEGIC
DEVELOPMENT GROUP, INC. CONTRACTORS
ENTERTAINMENT GROUP, INC., WANTED FOR
TROUBLE, INC., BACI AT THE BRIDGE, INC.,
JOHN STEFATOS, IOANNIS STEFATOS, JAMES STEFATOS,
DEMETRE BERYELES, JOHN J. FREZZA,
JOHN DOE a/k/a JIMMY, JOHN DOE a/k/a/ BILLY,
and JOHN DOES 1-20, and JOHN DOE CORPORATIONS
1-20 entities and/or persons not yet known to the Plaintiffs.

Defendants
-------------------------------------------------------------------------------X

-1-

## AMENDED COMPLAINT

1.      Plaintiffs, ZBIGNIEW KOWAL ("Kowal"), JACEK KORDYS ("Kordys"), WLADYSLAW HUCKO ("Hucko"), ANDRZEJ RYBA ("Ryba"), JERZY SENCZAK ("Senczak"), JAN WOJCIECHOWSKI ("Wojciechowski"), WOJCIECH WIERDAK ("Wierdak"), GERMAN BUENO ("G. Bueno"), PABLO BUENO ("P. Bueno"), PIOTR GABANSKI ("Gabanski"), MANSFIELD GIBBS ("Gibbs"), YIMY GOMEZ ("Gomez"), HERMAN NIEVES ("Nieves"), EDDY REYNOSO ("Reynoso"), RICHARD ROJAS ("Rojas"), CIRIACO SANTANA ("Santana") and MANJIT SINGH ("Singh"), (collectively, the "Plaintiffs") on behalf of themselves and on behalf of all others similarly situated, by their attorneys, Robert Wisniewski & Associates P.C., as and for their Amended Complaint against the Defendants, ANDY CONSTRUCTION, INC. ("Andy Construction"), ASTIR CONSTRUCTION, INC. ("Astir Construction"), CITY HOMES, INC. ('City Homes"), CN INDUSTRIES, INC. ("Cn Industries"), DIV CONSTRUCTION, INC. ("Div Construction"), ELABORATE CONSTRUCTION CORP. ("Elaborate Construction"), LAMDA INTERIOR WOODWORKING, INC., ("Lamda Woodworking"),  MANUFACTURES FATHER AND SON ("Manufactures F&S"), PYRGOS CONSTRUCTION CORP. ("Pyrgos"), SUPERB CONSTRUCTION CORP. ("Superb Construction"), VID CONSTRUCTION CORP. ("Vid Construction"), VERTICAL DESIGN CONSTRUCTION CORP. ("Vertical Design"), EXCLUSIVE CONTRACTING CORP. ("Exclusive"), JIS GENERAL CONTRACTING, INC. ("JIS") STRATEGIC CONSTRUCTION CORP. ("Strategic"), STRATEGIC CONSTRUCTION LIMITED ("Limited"), STRATEGIC LAND CO., INC. ("Land"), STRATEGIC DEVELOPMENT GROUP, INC. ("Development Group"), CONTRACTORS

ENTERTAINMENT GROUP, INC. ("Entertainment Group"), WANTED FOR

TROUBLE, INC. ("Trouble"), BACI AT THE BRIDGE, INC. ("Bridge"), JOHN DOE

CORPORATIONS 1-20, (J. Doe Corporations"), (collectively, the "Corporate

Defendants"), JOHN STEFATOS, ("John Stefatos"), IOANNIS STEFATOS ("Ioannis

Stefatos"), JAMES STEFATOS ("James Stefatos"), DEMETRE BERYELES

("Beryeles"), JOHN J. FREZZA ("Frezza"), JOHN DOE a/k/a JIMMY ("Jimmy"), JOHN

DOE a/k/a BILLY ("Billy"), and JOHN DOES 1-20 ("J. Does"), (collectively, the

"Individual Defendants"), state as follows:

## NATURE OF THE ACTION

2.      Plaintiffs bring this action to recover unpaid wages, unpaid overtime

wages, liquidated damages and reasonable attorneys' fees under the Fair Labor Standards

Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("FLSA"), the New York Minimum

Wage Act (New York State Labor Law Articles 6 and 19) ("NYMWA"), New York State

Labor Law ("Labor Law") § 198-b and §193.  Additionally, this action seeks

compensatory and punitive damages against the Individual Defendants for intentionally

inducing the Corporate Defendants into violating the employee contract between the

Corporate Defendants and each of the Plaintiffs, depriving the Plaintiffs of wages they

rightfully earned working for the Corporate Defendants.

3.      The Individual Defendants are the officers, shareholders, managers and/or

majority owners of the Corporate Defendants, which provide services in the area of

construction on city, state and federal public job sites within the tri- state area. Plaintiffs

have been employed by Corporate Defendants as laborers, who regularly worked over 40

hours per week, but were not compensated properly for the hours they worked and the

overtime hours.

## PARTIES, JURISDICTION AND VENUE

4.       Plaintiffs, at all relevant times herein, were and are residents of the State of New York, of the following Counties: Queens, Kings, New York, Bronx, Dutches, except that Plaintiff Santana resides in New Jersey, Hudson County and Plaintiff Gabanski now resides in Poland.

5.       The Corporate Defendants at all relevant times herein, were and are domestic business corporations duly organized under, and existing by virtue of, the laws of the State of New York and having their principal place of business within the State of New York.

6.       The Individual Defendants at all relevant times herein were and still are residents of the State of New York, and have conducted business within the State of New York.

7.       The Individual Defendants are the members, officers, directors, managers and/or majority shareholders or owners of the Corporate Defendants.

8.       This Court has subject matter jurisdiction over this action pursuant to 28 USC §1331(Federal Question), in that this action arises under 29 U.S.C. § 217 (FLSA); 28 U.S.C. §1337 (Regulation of Commerce).  This Court has jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

9.       The Defendants engage in an enterprise whose annual volume of sales made or business done is not less than $500,000.00, the activities of which affect interstate commerce in that the employees of said Defendants handle, sell or otherwise work on goods or materials that have been moved in or produced for interstate commerce, and defendants

-4-

are thus employers subject to the jurisdiction of the FLSA.

10.     This Court has personal jurisdiction over the Corporate Defendants and the Individual Defendants in that all Defendants are the citizens and residents of the State of New York.

11.     This Court is a proper venue for this action, pursuant to, among other grounds,  28 U.S.C. § 1391(b).

## JURY DEMAND

12.     Plaintiffs demand a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

13.     Plaintiffs have been employees of the Corporate Defendants during the six years immediately preceding the initiation of this action and have performed labor and services as laborers as defined by the FLSA and the NYMWA and regulations promulgated by the Department of Labor's Wage and Hour Division, but Plaintiffs have not received the compensation required by the FLSA, the NYMWA and/or the common law of the State of New York.

14.     The Corporate Defendants are corporations engaged in provision of goods and services relating to the construction in the city of New York and its environs.

15.     Plaintiff Kowal is a former employee of the Defendants and was employed by the Corporate Defendants as a laborer from approximately April of 1996 through June 2004.

16.     Plaintiff Kordys  is a former employee of the Defendants and was employed by the Corporate Defendants as a laborer from approximately August 1998 through December 1998, then from July 1999 through December 1999, and finally intermittently

from August 2001 through March 2002.

17.     Plaintiff Hucko is a former employee of the Defendants and was employed by the Corporate Defendants as a laborer from approximately August of 1999 through March, 2001, and from October of 2003 through March of 2004.

18.     Plaintiff Ryba is a former employee of the Defendants was employed by the Corporate Defendants as a laborer from February of 1999 through approximately July of 2001, then from April 16, 2002 through May 2004.

19.     Plaintiff Senczak is a former employee of the Defendants was employed by the Corporate Defendants as a laborer from March 29, 1999 through approximately June 20, 1999.

20.     Plaintiff Wojciechowski is a former employee of the Defendants and was employed by the Corporate Defendants as a laborer from approximately 1996 through August 2004.

21.     Plaintiff Wierdak is a former employee of the Defendants and was employed by the Corporate Defendants as a laborer from approximately December 2001 through June 2002.

22.     Plaintiff G. Bueno was employed by the Corporate Defendants as a laborer and has worked for the Defendants within the six years preceding February 1, 2005.

23.     Plaintiff P. Bueno was employed by the Corporate Defendants as a laborer and has worked for the Defendants within the six years preceding February 1, 2005.

24.     Plaintiff Gabanski was employed by the Corporate Defendants as a laborer and has worked for the Defendants within the six years preceding February 1, 2005.

25.     Plaintiff Gibbs was employed by the Corporate Defendants as a laborer

-6-

and has worked for the Defendants within the six years preceding February 1, 2005.

26.     Plaintiff Gomez was employed by the Corporate Defendants as a laborer and has worked for the Defendants within the six years preceding February 1, 2005.

27.     Plaintiff Nieves was employed by the Corporate Defendants as a laborer and has worked for the Defendants within the six years preceding February 1, 2005.

28.     Plaintiff Reynoso was employed by the Corporate Defendants as a laborer and has worked for the Defendants within the six years preceding February 1, 2005.

29.     Plaintiff Rojas is a former employee of the Defendants and was employed by the Corporate Defendants as a laborer from approximately November 2000 through June 2005.

30.     Plaintiff Santana was employed by the Corporate Defendants as a laborer and has worked for the Defendants within the six years preceding February 1, 2005.

31.     Plaintiff Singh was employed by the Corporate Defendants as a laborer and has worked for the Defendants within the six years preceding February 1, 2005.

32.     Plaintiffs regularly worked at least 40 hours per week but were not paid for all the time they worked for the Corporate Defendants.

33.     Plaintiffs regularly worked in excess of 40 hours per week but were not paid the proper overtime rate under Federal and New York State law.

34.     At all times herein, Defendant Andy Construction was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, having its principal place of business at 42-23 35th Ave, Long Island City, New York 11101.

35.     At all times herein, Defendant Astir Construction was and still is a

domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, having its principal place of business at 24-48 29th Street, Astoria, NY 11102.

36.     At all times herein, Defendant City Homes was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York having its principal place of business at 135-33 118th Street, South Ozone Park, NY 11420.

37.     At all times herein, Defendant Cn Industries was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York having its principal place of business at 23-28 29th Street, Suite 2B, Astoria, NY 11102.

38.     At all times herein, Defendant Div Construction  was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, having its principal place of business at 36-27 31st Street, Astoria, NY 11106.

39.     At all times herein, Defendant Elaborate Construction  was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, having its principal place of business at 125-10 Queens Boulevard, Kew Gardens, NY 11415.

40.     At all times herein, Defendant Lamda Woodworking was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, having its principal place of business at 109-34 115th Street, 2nd Floor, South Ozone Park, New York 11420

-8-

41.     At all times herein, Defendant Manufactures F&S was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, having its principal place of business at 36-27 31st Street, Astoria, NY 11106.

42.     At all times herein, Defendant Pyrgos was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, having its principal place of business at 125-10 Queens Boulevard, Ste 1402, Kew Gardens, NY 11415.

43.     At all times herein, Defendant Superb Construction was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, having its principal place of business at 125-10 Queens Boulevard, Kew Gardens, NY 11415.

44.     At all times herein, Defendant Vid Construction was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, having its principal place of business at 260 Kings Hwy., 2nd Floor Brooklyn, NY 11223.

45.     At all times herein, Defendant Vertical Design was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, having its principal place of business at 36-27 31st Street, Astoria, NY 11106.

46.     At all times herein, Defendant Exclusive was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, having its principal place of business at: 36-27 31st Street, Astoria, NY 11106.

47.     At all times herein, Defendant JIS was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New

York, having its principal place of business at: 36-27 31st Street, Astoria, NY 11106.

48.     At all times herein, Defendant Strategic was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, having its principal place of business at: 110 York Street, 5th Floor, Brooklyn, NY 11201 and/or 216 Hall Street, Brooklyn, NY 11205.

49.     At all times herein, Defendant Limited was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, having its principal place of business at: 110 York Street, 5th Floor, Brooklyn, NY 11201 and/or 216 Hall Street, Brooklyn, NY 11205.

50.     At all times herein, Defendant Land was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, having its principal place of business at: 216 Hall Street, Brooklyn, NY 11205.

51.     At all times herein, Defendant Development Group was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, having its principal place of business at:  110 York Street, 5th Floor, Brooklyn, NY 11201 and/or 216 Hall Street, Brooklyn, NY 11205.

52.     At all times herein, Defendant Entertainment Group was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, having its principal place of business at: 216 Hall Street, Brooklyn, NY 11205.

53.     At all times herein, Defendant Trouble was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, having its principal place of business at: 216 Hall Street, Brooklyn, NY 11205.

54.     At all times herein, Defendant Bridge was and still is a domestic business

corporation duly organized under, and existing by virtue of, the laws of the State of New York, having its principal place of business at: 216 Hall Street, Brooklyn, NY 11205.

55.     At all times herein, Defendants JOHN DOE CORPORATIONS 1-5, entities not yet known to Plaintiffs, were and still are for profit business entities engaged in providing services in the area of construction on city, state and federal public job sites within the tri-state area and have employed Plaintiffs.

56.     Upon information and belief, Defendants John Stefatos, Ioannis Stefatos, James Stefatos and Beryeles each is the officer, director, shareholder, manager, owner, agent and/or member of the Corporate Defendants: Andy Construction, Astir Construction, City Homes, CN Industries, Div Construction, Elaborate Construction, Lamda Woodworking, Manufactures F&S, Pyrgos, Superb Construction Vid Construction, Vertical Design, Exclusive and JIS.

57.     Upon information and belief, Defendant Frezza is the officer, director, shareholder, manager, owner, agent and/or member of the Corporate Defendants: Strategic, Limited, Land, Development Group, Entertainment Group, Trouble and Bridge.

58.     At all times herein, the Individual Defendants were and still are the owners, directors, officers, managers, employees and/or agents of the Corporate Defendants.

59.     At all times herein, any or all of the Individual Defendants have conducted business as the Corporate Defendants.

60.     At all times relevant herein, the Individual Defendants have acted for and on behalf of the Corporate Defendants, with the power and authority vested in them as officers, agents and employees of the Corporate Defendants, and have acted in the course and scope of their duties and functions as agents, employees and officers of the Corporate Defendants.

61.     At all times herein, the Corporate Defendants transacted and still transact substantial business and derived and still derive substantial revenue from services rendered in the State of New York.

62.     Upon information and belief, Defendants: Andy Construction, Astir Construction, City Homes, CN Industries, Div Construction, Elaborate Construction, Lamda Woodworking, Manufactures F&S, Pyrgos, Superb Construction Vid Construction , Vertical Design,  Exclusive and JIS are alter egos of  Defendants Stefatos and Beryeles, and as will be established at trial, for the purpose of the claims made by Plaintiffs herein, the Defendants Andy Construction, Astir Construction, City Homes, CN Industries, Div Construction, Elaborate Construction, Lamda Woodworking, Manufactures F&S, Pyrgos, Superb Construction Vid Construction , Vertical Design,  Exclusive and JIS have no separate legal existence from the Individual Defendants Stefatos and Beryeles, and, as a result, these Corporate Defendants and the Individual Defendants Stefatos and Beryeles, individually and collectively, and jointly and severally, are liable for all claims made herein.

63.     Upon information and belief, Defendants: Strategic, Limited, Land, Development Group, Entertainment Group, Trouble and Bridge each are alter egos of Defendant Frezza, and as will be established at trial, for the purpose of the claims made by Plaintiffs herein, each of Defendants: Strategic, Limited, Land, Development Group, Entertainment Group, Trouble and Bridge have no separate legal existence from  Defendant Frezza, and, as a result, these Corporate Defendants and Defendant Frezza, individually and collectively, and jointly and severally, are liable for all claims made herein.

64.     Upon information and belief, at all times relevant herein, the Corporate Defendants were joint employers of Plaintiffs; shared public works and other jobs with each other; were joint venturers on such projects; had common employees; and were one enterprise or alter egos of each other such that they do not have separate existence from each

-12-

other, and as will be established at trial, for the purpose of the claims made by Plaintiffs herein, each of the Corporate Defendants has no separate legal existence from each other and collectively, and jointly and severally, the Corporate Defendants are liable for all claims made herein by Plaintiffs.

65.     The Corporate Defendants entered into a contract with Plaintiffs to perform the work for which Plaintiffs provided labor, and that such work was covered by the provisions of New York Labor Law and various Federal laws, including but not limited to, the Fair Labor Standards Act.

66.     Plaintiffs were persons covered by, and/or intended to benefit from, the provisions of New York Labor Law and/or other Federal laws, in respect to their work for the Corporate Defendants.

67.     At all times relevant herein, the Individual Defendants have acted for, and on behalf of, the Corporate Defendants, with the power and authority vested in them as officers, agents and employees of the Corporate Defendants, and have acted in the course and scope of their duties and functions as agents, employees and officers of the Corporate Defendants.

69.     At all times relevant herein, each of the Individual Defendants have directly managed, handled, or been responsible for, the payroll and/or payroll calculations of the Corporate Defendants or by virtue of their position with the Corporate Defendants have been responsible for the proper management and handling of the payroll and payroll calculations at the Corporate Defendants.

70.     The Corporate Defendants bid upon, obtained and performed, publicly-financed projects – city, state and federal projects.

71.     The Corporate Defendants performed contracts entered into between

-13-

it and the various governmental instrumentalities, which contracts were covered by the relevant provisions of the New York Labor Law and various federal laws relating to "prevailing wages" to be paid to employees of the Corporate Defendants.

72.     The Corporate Defendants entered into a contract with Plaintiffs to perform the work for which Plaintiffs provided labor, and that such work was part of publicly financed projects covered by the provisions of New York Labor Law and various federal laws.

73.     When the Corporate Defendants entered into the aforesaid contracts to perform the work for which Plaintiffs provided labor, the Corporate Defendants were required, under relevant law, to pay its employees, including the Plaintiffs, a "prevailing wage" that was specified in such contract or was incorporated by reference into such contract.

74.     Plaintiffs were persons covered by, and/or intended to benefit from, the provisions of New York Labor Law and/or other federal law, in respect to their work on the projects for which they provided labor.

75.     The various violations of law which are alleged herein were committed intentionally and/or willfully by the Defendants.

76.     The Individual Defendants have willfully and intentionally acted to violate the laws, rules, regulations, statutes and wage orders alleged herein, and by doing so and by virtue of their positions as controlling owners, shareholders, directors, officers and/or managers of Corporate Defendants, have assumed personal liability for the claims of the Plaintiffs herein.

## CLASS ALLEGATIONS

-14-

77.     Plaintiffs bring this action on behalf of themselves and all other persons

who were or are employed by Defendants as laborers and performed work, labor and services

but did not receive the compensation required by the FLSA, other provisions of the Federal

Labor Law, the NYMWA, and the common law of the State of New York.

78.     Upon information and belief, this class of persons consists of not less than

One Hundred (100) persons, and the class is thus so numerous that joinder of all members

is impracticable under the standards of Fed. R. Civ. P. 23 (a)(1).

79.     There are questions of law and fact common to the class which

predominate over any questions affecting only individual members, specifically: whether the

employment of the Plaintiffs by the Defendants is subject to the jurisdiction and the wage

and overtime requirements of the FLSA and the NYMWA and the common law of New

York. Only the amount of individual damages sustained by each class member will vary.

80.     The claims of the named Plaintiff s are typical of the claims of the

above-described class in that all of the members of the class have been similarly affected by

the acts and practices of the Defendants.

81.     The named Plaintiffs will fairly and adequately protect the interests of the

members of the class, in that his interests are not adverse to the interests of the other

members of the class.

82.     A class action is superior to other available methods for the fair and

efficient adjudication of the controversy under the standards of Fed. R. Civ. P. 23 (b)(3).

83.     The named Plaintiffs bring the first through the eight claims for relief

herein on behalf of themselves individually and all persons similarly situated as a class action

pursuant to Federal Rule of Civil Procedure 23, in respect to all claims that the named

-15-

Plaintiffs and all persons similarly situated have against Defendants as a result of the Defendants' violations under the FLSA, the Labor Law, other provisions of the Federal Labor Law and the common law of the State of New York.

## FIRST CLAIM FOR RELIEF

### (Third-Party Beneficiary Claims)

84.     Plaintiffs, repeat and reallege each and every allegation previously set forth herein.

85.     Defendants were required, under New York Labor Law and federal laws, to pay their employees, including the named Plaintiffs and all other similarly situated persons who consent in writing to join this action pursuant to 29 U.S.C. § 216 (b), and upon information and belief there are numerous such similarly situated persons, a "prevailing wage" that was specified  in such contracts or was incorporated by reference into such contracts.

86.     The named Plaintiffs and all other similarly situated persons were persons covered by, or the intended beneficiaries of, the contracts entered into by the Corporate Defendants with the various instrumentalities of city, state and federal government to perform work on publicly financed projects, which were covered by the provisions of New York Labor Law and various federal laws.

87.     Defendants violated the provisions of New York Labor Law in that the failed to pay the named Plaintiffs and all other similarly situated persons the prevailing wages required under the relevant laws.

88.     The named Plaintiffs and all other similarly situated persons did not receive the monies they were due as beneficiaries of New York Labor Law and/or various

-16-

federal laws, which provided for the payment of prevailing wages, and as a result, seek a judgment for damages based upon an accounting of the amount of monies Plaintiffs were paid and the amount Plaintiffs should have been paid in prevailing wages, together with an award of interest, costs, disbursements, attorneys' fees, as allowed by the relevant statutes and such other relief as the Court deems proper.

## SECOND CLAIM FOR RELIEF
### (FLSA)

89.     Plaintiffs repeat and reallege each and every allegation previously set forth herein.

90.     The named Plaintiffs bring this second claim for relief on behalf of themselves and all other similarly situated persons who consent in writing to join this action pursuant to 29 U.S.C. § 216 (b), and upon information and belief there are numerous such similarly situated persons.  Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, and the Wage Orders issued under the FLSA at 29 C.F.R. § 552, Plaintiffs were entitled to a minimum wage and an overtime hourly wage of time and one-half their regular hourly wage, or time and one-half the minimum wage, whichever is greater, for all hours worked in excess of forty hours per week.

91.     The named Plaintiffs and all other similarly situated persons who consent in writing to join this action worked more than forty hours per week for Defendants, and Defendants willfully failed to make said minimum wage and/or overtime payments.

92.     The named Plaintiffs on behalf of themselves and all other similarly situated persons who consent in writing to join this action, seek, on this second claim for relief, a judgment for unpaid overtime wages, such sums to be determined based upon an

accounting of the hours worked by, and wages actually paid to, Plaintiffs, and Plaintiffs also seek an award of liquidated damages, attorneys' fees, interest and costs as provided for by the FLSA.

## THIRD CLAIM FOR RELIEF
### (NYMWA)

93.     Plaintiffs repeat and reallege each and every allegation previously set forth herein.

94.     Pursuant to the NYMWA, Labor Law Articles 6 and 19, Labor Law § 198 and the Wage Orders issued under the NYMWA at 12 N.Y.C.R.R. §§ 137-143, Plaintiffs were entitled to certain hourly minimum wages, overtime wages, and other wages, all of which the Defendants intentionally failed to pay in violation of such laws.

95.     Wherefore the named Plaintiffs, on behalf of themselves and the within described class of other persons similarly situated on this third claim for relief, seek a judgment against the Defendants for all wages which should have been paid, but were not paid, to the named Plaintiffs and such class members pursuant to the NYMWA and the Wage Orders issued thereunder and the other provisions of the Labor Law the total amount of such unpaid wages to be determined at trial upon an accounting of the hours worked by, and wages paid to, the named Plaintiffs and the other class members, along with an award of attorney's fees, interest and costs as provided under the NYMWA and Labor Law § 198 and § 663.

## FOURTH CLAIM FOR RELIEF
### (Negligence against Individual Defendants)

96.     Plaintiffs repeat and reallege each and every allegation previously set

-18-

forth herein.

97. That the Individual Defendants had a duty to the named Plaintiffs and all other similarly situated persons who consent in writing to join this action, in that the Individual Defendants handled and prepared the cash or paychecks that constituted the payments for the wages owed to Plaintiffs and/or prepared the payroll calculations and other materials used to pay Plaintiffs, their wages from his employer(s) and/or were otherwise involved in running or managing Plaintiffs' employer(s) and as such, had a duty to use reasonable care in the handling and preparation of such cash and paychecks and payroll information and/or to use reasonable care in respect to their running and managing of Plaintiffs' employer(s) and in having such employer(s) pay to Plaintiffs their full, proper and legally-required wages.

98. That the Individual Defendants breached their duty of reasonable care towards Plaintiffs by negligently handling the wage payments owed to them and/or the payroll calculations upon which such wage payments were made and/or in otherwise being negligent in the Individual Defendants' managing and running of Plaintiffs' employer(s), such lack of reasonable care by such Individual Defendants being the direct and proximate cause of Plaintiffs' damages arising from their failure to receive their full, proper and legally-required wages from his employer(s).

99. That the Individual Defendants were negligent and that such negligence damaged Plaintiffs and that Plaintiffs on behalf of themselves and all other similarly situated persons who consent in writing to join this action, seek, on this fourth claim for relief, a judgment against the Individual Defendants for various sums of money in wages, overtime wages and wage supplements that should have been paid to Plaintiffs and all other similarly situated persons who consent in writing to join this action, but were not paid to them as a result of the negligence of the Individual Defendants.

-19-

100.    The Individual Defendants' violation of applicable law and violation of their duties proximately damaged Plaintiffs by causing them to lose wages due to him in an amount to be determined upon the accounting of the hours worked by, and wages paid to, Plaintiff, along with an award of attorneys' fees.

101.    In addition, the Individual Defendants' conduct has been reckless and grossly negligent, and Plaintiffs and other similarly situated persons who consent in writing to join this action, are entitled to punitive damages.

## FIFTH CLAIM FOR RELIEF
### (Gross Negligence against the Individual Defendants)

102.    Plaintiffs repeat and reiterate all the allegations previously set forth with the same force and effect as if more fully set forth at length herein.

103.    Individual Defendants were grossly negligent or recklessly indifferent in handling the payroll intended for Plaintiffs.

104.    By reason of the foregoing, Plaintiffs sustained actual damages in an amount to be proven at trial but exceeding, without interest and costs, the minimum jurisdictional requirements of this Court, plus interest and costs and attorneys' fees and, in addition, are entitled to punitive damages in an amount not less than One Million Dollars ($1,000,000.00).

## SIXTH CLAIM FOR RELIEF
### (Negligent Hiring and Supervision against the Corporate Defendants)

105.    Plaintiffs repeat and reallege each and every allegation previously set forth herein.

-20-

106.     The Corporate Defendants assumed the duty of hiring, training, supervising and directing their managerial and supervisory staff and all other employees.

107.     The Corporate Defendants owed the named Plaintiffs and all other similarly situated persons who consent in writing to join this action a duty of reasonable care in the performance of their managerial and supervisory duties over their personnel other employees including the personnel involved in handling of time sheets, calculating payroll, hours, preparing the cash and signing or issuing paychecks that constituted the payments for the wages owed to Plaintiff..

108.     By their conduct as described herein, the Corporate Defendants breached that duty of reasonable care and were negligent in performing their duties.

109.     The Corporate Defendants' negligence proximately caused injury to the Plaintiffs by causing each to sustain damage in the amount not less than the jurisdictional minimum of this court and each Plaintiff and others similarly situated are entitled to recover such amount from the Corporate Defendants upon the trial of this action.

110.     In addition, the Corporate Defendants' conduct has been reckless and grossly negligent, and Plaintiffs and others similarly situated are entitled to punitive damages.

### SEVENTH CLAIM FOR RELIEF
#### (Unjust Enrichment against Individual Defendants)

111.     Plaintiffs repeat and reallege each and every allegation previously set forth herein.

112.     The Individual Defendants have been unjustly enriched to the detriment of Plaintiffs and others similarly situated because they caused the Corporate Defendants

to underpay Plaintiffs and others similarly situated for worked performed for the Defendants.

113.     The Individual Defendants as owners of the Corporate Defendants benefited from the Corporate Defendants' underpayment by withdrawing income and profits from the Corporate Defendants that were the direct result of the underpayment of wages.

114.     As a result of the Individual Defendants' unjust enrichment, Plaintiffs have been damaged in an amount to be determined at trial upon an accounting of the hours worked by, and wages paid to Plaintiffs, and the other class members along with an award of attorneys' fees.

## EIGHT CLAIM FOR RELIEF
### (Tortious Interference by Individual Defendants with Corporate Defendants' Contracts for Labor with Plaintiffs )

115.     Plaintiffs repeat and reallege each and every allegation previously set forth herein.

116.     That Plaintiffs, as alleged aforesaid, had contracts with their employers, the Corporate Defendants herein, to perform certain labor and services, and the terms of such contracts required, as a matter of law, that Plaintiffs be paid a prevailing wage and certain other wages and benefits and overtime pay, as previously alleged herein.

117.     That the Individual Defendants, knowing full well the nature of the contracts between said Plaintiffs and their employers, the Corporate Defendants, induced Plaintiffs' employers, the Corporate Defendants, to breach their contracts with Plaintiffs by failing to pay to Plaintiffs the wages required under the Corporate Defendants'

-22-

contract with Plaintiffs, such breach of the contracts being intentionally procured by the Individual Defendants, the inducement of such breach of contracts not otherwise privileged and having been done to benefit illegally the Individual Defendants.

118.    That as a result of the aforesaid inducement by the Individual Defendants to have the Corporate Defendants breach their contracts with Plaintiffs, Plaintiffs have sustained damages in the form of wages that they should have received and been paid but did not receive and were not paid.

119.    That as a result of the foregoing, Plaintiffs seek a judgment against the Individual Defendants for said Plaintiffs unpaid minimum wages, prevailing wages and/or overtime wages and wages supplements that should have been paid to Plaintiffs, plus interest, as well as the costs and disbursements of this action.

120.    The Individual Defendants' violation and misconduct constituted a fraud on the public, bad faith, a disingenuous and dishonest failure to carry out the terms of their obligation to their employees and a complete and total indifference to the legal and fiduciary obligations of all officers to their corporations and employees, all of which was morally culpable, actuated by evil and reprehensible motives and such wanton dishonesty as to imply a criminal indifference to civil obligations.


        WHEREFORE, it is respectfully requested that the Court assume jurisdiction herein and thereafter plaintiffs demand a trial by jury and judgment against all defendants as follows:

1.    Compensatory damages in an amount to be determined at trial, together with interest;

2.    Liquidated damages pursuant to the FLSA and NYMWA;

3.    Punitive damages in an amount to be determined at trial;

-23-

4.      Plaintiffs' costs and reasonable attorney's fees;

Together with such other and further relief that the Court deems just and proper.

Dated: New York, NY
      March 29, 2006


ROBERT WISNIEWSKI & ASSOCIATES P.C.

By: _____
      Robert Wisniewski (RW-5308)
      Attorneys for Plaintiffs
      225 Broadway, Suite 612
      New York, New York  10007
      (212) 267-2101

To:
James J. Armenakis, Esq.
Armenakis & Armenakis
432 Park Avenue South, 2nd Floor
New York, New York 10016
Attorney for Defendants
*Andy Construction, Inc.*
*Astir Construction, Inc.*
*Cn Industries, Inc.*
*Div Construction, Inc.*
*Elaborate Construction Corp.*
*Lamda Interior Woodworking, Inc.*
*Pyrgos Construction Corp.*
*Superb Construction Corp.*
*Vid Construction Corp.*
*Vertical Design Construction Corp.*
*John Stefatos,*
*and Demetre Beryeles*

**Ioannis Stafatos**

-24-

25-10 32nd Street
Astoria, NY 11102

125-10 Queens Boulevard, Apt 1217
Kew Gardens, NY 11415

27 Shelter Rock Rd
Manhasset, NY 11030

**James Stefatos**
36-27 31st Street
Astoria, NY 11106

27 Shelter Rock Rd
Manhasset, NY 11030

**City Homes, Inc.**
135-33 118th Street
South Ozone Park, NY 11420

12016 Liberty Avenue
Jamaica, NY 11419

**Manufactures Father and Son**
36-27 31st Street
Astoria, NY 11106

**Exclusive Contracting Corp.**
36-27 31st Street
Astoria, NY 11106

**JIS General Contracting, Inc.**
36-27 31st Street
Astoria, NY 11106.

**Strategic Construction Corp.**

110 York Street, 5th Floor
Brooklyn, NY 11201

216 Hall Street
Brooklyn, NY 11205

3451 Vernon Blvd.
Long Island City, NY 11106

267 Sackett Street
Brooklyn, NY 11231

**Strategic Construction Limited**
110 York Street, 5th Floor
Brooklyn, NY 11201

267 Sackett Street
Brooklyn, NY 11231

216 Hall Street
Brooklyn, NY 11205

**Strategic Land Co., Inc.**
216 Hall Street
Brooklyn, NY 11205

**Strategic Development Group, Inc.**
110 York Street, 5th Floor
Brooklyn, NY 11201

216 Hall Street
Brooklyn, NY 11205

**Contractors Entertainment Group, Inc.**
216 Hall Street
Brooklyn, NY 11205

-26-

**Wanted for Trouble, Inc.**
216 Hall Street
Brooklyn, NY 11205

**Baci at the Bridge, Inc.**
216 Hall Street
Brooklyn, NY 11205

**John J. Frezza**
216 Hall Street
Brooklyn, NY 11205

267 Sackett Street, Apt. 1
Brooklyn, NY 11231